■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAMON LUIS BURGOS RODRIGUEZ, Appellant.— Order, Supreme Court, New York County, entered on May 3, 1971, denying, without a hearing, appellant's petition for a writ of error *coram nobis*, affirmed. Appellant was indicted for murder in the first degree on June 25, 1959, and, while represented by counsel, pleaded guilty to manslaughter in the first degree to cover the indictment and was sentenced to State Prison for not less than 10, nor more than 20 years. After having served a number of years in prison he was released on parole. In March, 1971 appellant petitioned for *coram nobis* relief under the rule established in *People v. Montgomery*, (24 N Y 2d 130). The only ground set forth in his petition is "defendant here was never advised of his right to appeal by anyone". His petition was denied by the court below, because of insufficiency. It has been

held that a petitioner who seeks relief under *People* v. *Montgomery* (*supra*) after he has entered a guilty plea, must allege more than counsel's failure to advise him of his right to appeal. He must also allege in his petition that he was not aware that he had the right to appeal and that he would have done so had he known of this right. (*People* v. *Lynn,* 28 N Y 2d 196.) Appellant did not allege either of these elements. Moreover, nowhere in his petition does he claim that the sentence imposed was excessive. Only in the brief of his lawyer, submitted in support of this appeal, is such a claim raised for the first time. In *People* v. *Lynn* (*supra,* p. 204) speaking of one seeking relief under the *Montgomery* rule, after a guilty plea, the court said. " an aggrieved defendant would be required to allege that he was not aware of his right to appeal and that he would have appealed had he been aware of that right * * * A petitioner should allege more than a failure to be apprised of his rights and although this may well be a question of semantics, we would require only that the petition allege a prior dissatisfaction with a judgment of conviction, which, by reason of ignorance or improper advice of counsel was never tested by appellate review * * * Turning to the cases at bar, the respective petitions fall short of the above standard. In neither case does the petitioner allege a claim of excessive sentence * * * Nor is there an allegation that petitioner disputed the validity of the judgment of conviction but was prevented from prosecuting an appeal by reason of ignorance or improper advice as to his rights. * * * Nowhere, it is significant to note, is there a protestation of innocence. To hold, on these facts, that a defendant, represented by counsel, who freely and voluntarily pleads guilty must contemporaneously be advised of the right to appellate review, is not only a contradiction in terms but defies legal concept and the dictates of common sense. We know of no constitutional, moral or legal mandate which requires such a result. In sum, therefore, where a defendant has pleaded guilty it is not enough that he allege a failure to have been advised of his right to appeal." It is well established that one who complains of an excessive sentence after pleading guilty has the right to appeal. No one can take away that right. However, the dissent simply disregards the language quoted above which outlines the procedure to be followed in such a case. What we are saying is that, in the case at bar, the defendant has failed to properly raise the question of excessive sentence as provided in *People* v. *Lynn* (*supra*). Concur—McGivern, J. P., Steuer, Tilzer and Capozzoli, JJ.; Murphy, J., dissents in the following memorandum: I would remand for resentence in order to give appellant his fundamental right to appeal his conviction. In 1959 defendant pleaded guilty to manslaughter in the first degree and received the maximum permissible legal sentence. His application for *Montgomery* relief (*People* v. *Montgomery,* 24 N Y 2d 130) was denied shortly after the Court of Appeals handed down its decision in *People* v. *Lynn,* (28 N Y 2d 196) on the ground that the papers submitted below failed to show a genuine appealable issue or that defendant would have taken an appeal within the allotted time if he had been advised of his right thereto. The majority would affirm for the same reason; and quote at length from *People* v. *Lynn* (*supra*) to sustain their position. While the quotation set forth applies generally to plea cases, the Court of Appeals carefully noted in *Lynn* that " There are, nevertheless, situations wherein the mere allegation of a failure to be advised of the right to appeal would warrant a *Montgomery* hearing. Obviously, it would apply to plea situations involving a ' viable' claim of excessive sentence ". (*People* v. *Lynn,* 28 N Y 2d 196, 203; see, also, *People* v. *Rastorfer,* 35 A D 2d 708.) Since appellant received the maximum permissible sentence, he obviously has raised a " viable claim ". (*People* v. *Coleman,* 30 N Y 2d 582.) While

recognizing that the merits of a claim of excessive sentence is the subject of proper review on an appeal following a guilty plea, respondent nevertheless argues that this defendant is now on parole and is, therefore, not "actually serving under a sentence claimed to be excessive" (*People* v. *Coleman, supra,* p. 583). I consider such argument to be specious, since "While a prisoner is on parole, his sentence continues to run until its maximum term has expired" (*People ex rel. Petite* v. *Follette,* 24 N Y 2d 60, 63). Finally, it is noted that the People waive a hearing if the court determines that defendant is entitled to a *Montgomery* hearing. Accordingly, the order appealed from should be reversed and defendant remanded for resentencing.